IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID LYNN WALLEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0286 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner, a Texas state prisoner confined pursuant to an August 27, 1982 conviction for the felony offense of aggravated robbery out of the 181st Judicial District Court of Potter County, Texas, and the resultant life sentence,[1] has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable constitutional issue and should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his continued confinement is in violation of the Constitution and laws of the United States because he has not been released to mandatory supervision. Specifically,

---

[1] Petitioner has also been sentenced to serve a 6-year sentence for aggravated assault of a correctional officer. *See State v. Wallen*, No. 12,295 (Coryell County, Texas – January 28, 1991).

petitioner appears to argue:

1. Petitioner should have been released to mandatory supervision when his flat time and his good time equaled the length of his sentence;

2. Petitioner should have been released to mandatory supervision or parole when his flat time and his good time equaled 1/3 of his life sentence (calculated at 60 years); and

3. Petitioner has been denied due process by the Parole Board's failure to have a 3-member panel at petitioner's parole hearing in violation of Texas Code of Criminal Procedure art. 42.12, § 14(A) and (E).

Petitioner seeks immediate release from confined custody to mandatory supervised release or parole.

## II.
## EXHAUSTION OF STATE COURT REMEDIES

It is unclear to this Court whether petitioner has satisfactorily exhausted all available state court remedies with regard to the grounds he raises in this proceeding. However, this Court is authorized to deny relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Since petitioner's claim is without merit, it is the opinion of the undersigned that this Court should not dismiss petitioner's federal habeas application for any failure to exhaust.

## III.
## MERITS OF PETITIONER'S ALLEGATIONS

Petitioner argues he is entitled to federal habeas corpus relief because the State did not grant him early release from confinement to mandatory supervision[2] when his accrued time credits,

---

[2] "Mandatory supervision" is the "release of a prisoner from imprisonment but not on parole, and not from the legal custody of the state, for rehabilitation outside prison walls under such conditions and provisions for disciplinary supervision as the board may determine." Tex. Code Crim. Proc. art. 42.18, § 2(b) (Vernon's 1982).

including flat, good and work time, equaled the length of his life sentence. Federal habeas relief is available only if a prisoner "has been deprived of some right secured to him or her by the United States Constitution or by the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). As petitioner is not eligible for mandatory supervision, he does not have a constitutional claim for which federal habeas corpus relief can be granted.

Although theoretically eligible for mandatory supervised relief,[3] petitioner is not, and will never be, factually eligible to be released to mandatory supervision because his calendar time combined with his good conduct time will never reach a life sentence. In fact, the Texas Court of Criminal Appeals has specifically held "a life-sentenced inmate is not eligible for release to mandatory supervision" because it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life. *Ex parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2001). This Court must defer to the state courts' interpretation of its statute. Consequently, as petitioner is not eligible for release under the Texas mandatory supervision statute in effect at the time he committed the aggravated robbery offense, he does not have a constitutionally protected interest and his request for habeas corpus relief as to this claim must be denied. *Cf. Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002).

Petitioner appears to assert, however, that a life sentence should be assumed to be sixty (60) years for purposes of determining a date for release to mandatory supervision just as it is assumed to be sixty (60) years for purposes of determining parole eligibility. Petitioner then, incorporating

---

[3] The statute at issue at the time petitioner was sentenced read: "A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." Tex. Code Crim. Proc. Ann. Art. 42.12 § 15(c) (Vernon 1982).

the parole eligibility statute in effect at the time he committed the aggravated robbery,[4] argues he should have been released to mandatory supervision when his flat time totaled 1/3 of sixty (60) years, or 20 years.  Petitioner's claim is without merit.

Petitioner has not submitted any evidence establishing that there has ever been a rule stating how many years of a life sentence an inmate must serve to be eligible for release to mandatory supervision.  Texas courts have refused to arbitrarily substitute some number of years for a life sentence to make it possible to calculate a mandatory supervision release date because doing so would require the court to perform a legislative function.  *Cf. Conway v. Texas Bd. of Pardons & Paroles*, 2006 WL 2380464 (Tex.App.–Austin, August 18, 2006).  Consequently, petitioner has not demonstrated a life sentence is to be assumed to be 60 years for the purpose of calculating a mandatory supervision release date.  Moreover, petitioner has wrongfully applied the 1/3 law for parole eligibility to a mandatory supervised release date determination.  A mandatory supervision release date is determined by adding an inmate's actual calendar time served plus any accrued good conduct time.  Only when the two amounts equal the maximum term to which the inmate is sentenced, rather than one-third of the maximum term as in determining eligibility for parole, may an inmate be granted early release to mandatory supervision.  Petitioner has confused the rules applicable to parole and mandatory supervision.

Petitioner also appears to argue he should have been released to *parole* when his flat time equaled 1/3 of his life sentence (calculated at 60 years).  At the time petitioner committed the aggravated robbery, "parole" was defined as the "release of a prisoner from imprisonment but not

---

[4] "If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article, or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less . . . ."  Tex. Code Crim. Proc. art. 42.12 § 15(b) (Vernon 1982).

from the legal custody of the state for rehabilitation outside prison walls under such conditions and provisions for disciplinary supervision as the board may determine." Tex. Code Crim. Proc. art. 42.18, § 2(a) (Vernons 1982). According to TDCJ-CID records, petitioner became eligible for release on parole, as opposed to mandatory supervision, on April 8, 2002, when his actual calendar time equaled one-third of his life sentence (calculated as 60 years for purposes of parole). Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles. Because this decision of whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Consequently, to the extent petitioner claims he is entitled to immediate release to parole, his claim does not provide a basis for federal habeas corpus relief as no constitutional violation has occurred.

Petitioner also argues he has been denied federal Constitutional due process by the Parole Board's failure to have a 3-member panel at petitioner's parole hearing in violation of the Texas Code of Criminal Procedure. Petitioner is apparently relying on the following state law statutory provision:

> Except as provided by Section 508.046, board members shall act in panels composed of three persons each in matters of:
>
> (1) release on parole;
> (2) release to mandatory supervision; and
> (3) revocation of parole or mandatory supervision.

Tex. Gov't Code Ann. § 508.045(a) (Vernons 2002).[5] Petitioner has attached a "Minutes Detail Information" page which he contends "clearly indicates that there were only two members on [petitioner's] parole panel" in direct violation of the above statute. The attachment appears to reflect the meeting of the panel that denied petitioner release to parole on April 15, 2002 and set petitioner's next review for parole for April 1, 2005. Contrary to petitioner's argument, the attachment does not establish the number of members on the panel that acted on petitioner's parole determination. At most, the page appears to identify two members of the panel, Roy Garcia and James Kiel, Jr., who voted to set petitioner's next review for parole to be held on April 1, 2005.

Even if petitioner were able to establish that his parole panel was only made up of two persons instead of three as required by state law, his claim is without merit because it is based solely on state law and, therefore, does not state a claim for federal habeas relief. *E.g., Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (citations and internal quotations omitted)); *Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir.1998) (holding that "claims that the trial court improperly applied state law do not constitute an independent basis for federal habeas relief"; rather, a habeas applicant must claim violation of federal constitutional right). Petitioner's claims are without merit and should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

---

[5] Previous versions stated: "[I]n matters of parole, release to mandatory supervision, and revocation of parole or mandatory supervision, the board members shall act in panels comprised of three persons in each panel . . . . A majority of each panel shall constitute a quorum for the transaction of its business, and its decisions shall be by majority vote. Tex. Code Crim. Proc. Ann. art. 42.18 § 7(e) (Vernons 1997).

District Judge that the petition for a writ of habeas corpus filed by petitioner DAVID LYNN WALLEN be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the

Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).